NOZIK, PLAINTIFF-APPELLEE, v. CLEVELAND (CITY), DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25798.   Decided April 5, 1962.

Mr. Albert C. Nozik, for plaintiff-appellee.
Mr. Ralph S. Locher, director of law, Mr. Carl J. Grosclaude, and Mr. Richard J. Marco, assistant directors of law, for defendant-appellant.

(GUERNSEY, P. J., and YOUNGER, J., of the Third District, and FESS, J., of the Sixth District, sitting by assignment in the Eighth District.)

YOUNGER, J. In this case plaintiff, an attorney, recovered a judgment against the City of Cleveland in the Municipal Court on his petition claiming the sum of Eleven Hundred and Forty Dollars ($1140.00) plus interest on an assignment of a contract with one Albert W. Fabian, a contractor who removed certain buildings on properties owned by the City of Cleveland, removed as part of a public improvement under and by virtue of a contract entered into between Fabian and the City.

Plaintiff acted as attorney for Fabian in the negotiations resulting in the contract. In such negotiations the contractor signed an affidavit as required by law, that no other person was interested in the work he was bidding upon, and that he had not agreed, in any manner whatsoever, to pay anyone for helping him to secure the contract. This affidavit was required as a condition to secure such contract and was filed by the contractor before the contract was awarded. This affidavit was sworn to before the plaintiff as a notary public.

The entire contract is made a part of the defendant's answer and paragraph 34, page 10, of the contract provides as follows:

"The contractor shall not assign, transfer, convey, sublet, or otherwise dispose of this contract, or his right, title, or interest in or to the same, or any part thereof, without previous consent in writing of the Board of Control endorsed hereon or attached hereto."

The petition of the plaintiff alleges that he advanced certain moneys to the contractor for his bond and equipment and performed legal services for which he secured an assignment dated April 16, 1959, duly witnessed and notarized, from the contractor in the amount claimed in the petition. The record shows that this assignment was presented by the plaintiff to one of the clerks in the accounting department on May 29, 1959.

The plaintiff claims and testifies that upon the receipt of said assignments Steinmetz—Deputy Commissioner of Accounts

—said that "he would go to the proper sources and get the consent to the payment of this and would definitely let me know before the money was ready for payment so we could get the money, I could get the money instead of Fabian, and I asked him whether I could rely upon that and he said, 'yes.'"

On June 8, 1959, Fabian delivered to the Division of Accounts a paper which purported to be a cancellation of a "right of power of attorney which Albert Nozik holds over me at this time on the above mentioned contract." On the following day, June 9, 1959, Fabian was paid the sum of $1,140.00. On June 30, 1959, Nozik demanded payment from the Commissioner of Accounts for said $1,140.00 and the matter was referred by the Division of Accounts to the Law Department and payment was refused and the present case resulted.

At the start of the trial the defendant City moved for judgment on the ground that no cause of action had been stated against the defendant, which motion was overruled by the trial judge who was sitting without the intervention of a jury. A motion for judgment for the defendant was again overruled at the conclusion of all the evidence and judgment was entered in favor of plaintiff in the sum of Twelve Hundred Seventy-six Dollars and Eighty Cents ($1276.80), on June 28, 1961, and it is from this judgment that the City appeals.

In the opinion of this court, the trial court committed prejudicial error in overruling the motions of the defendant and entering judgment for the plaintiff. A careful reading of paragraph 34 of the contract between the City and Fabian, which plaintiff was active in securing for Fabian, shows that it is specific and comprehensive and that it is impossible for the contractor to assign any interest in or to the contract, or any part thereof, without the previous written consent of the Board of Control. Plaintiff admits that he never obtained permission in writing from the Board of Control to assign the contract and that he never requested such permission.

Plaintiff relies upon the case of *Akron* v. *Day*, 16 Circuit Court Reports, New Series, 232, decided by the Circuit Court of Summit County in April, 1907, the syllabus of which is as follows:

"An order drawn on a fund due a city contractor, if ac-

cepted by the fiscal officers of the city, must be paid out of appropriations made by the council for the payment of the contractor.''

In the opinion of the court it is stated that Day presented his order against the contractor to Isbell ''who was then clerk of the city of Akron and also clerk of the board of city commissioners,''; that he received and filed it and told Day that the order would be paid when the money was payable to the contractor and ''notified the board of city commissioners that the order had been presented.'' The opinion further states:

''The law then governing the city of Akron required for the payment of the money due McGowan that an order on the city treasurer be drawn signed by the city clerk and countersigned by the chairman of the board of city commissioners.''

The court in its opinion further states:

''The order was presented to the proper officer of the city on June 30th. He at once notified the board of city commissioners, so that all the officers of the city controlling the disbursement of funds of the city ordered by the city council to be paid out had notice of the order''

\* \* \*

''and for more than five weeks Day rested quietly, relying, as he had a right to rely, upon his order being paid by the city. If the city had not intended to pay the order, it should have returned it to Day without delay and so notified him.''

We are of the opinion that there is a vast difference between the *Day case* and the case at bar and that it is not controlling or decisive of the issues involved in the present case. In the *Day case* the officer to whom the order was presented had authority to bind the city. In the instant case the officer to whom the assignment was presented, a deputy commissioner of accounts, had no such authority. In awarding the contract the city of Cleveland has a right to know with what contractor it is dealing and it has provided a definite and certain method by paragraph 34 by which it is apprised of any change either as to the contractor doing the work or to whom the money is legally payable at the completion of the work. The failure of plaintiff to secure the written consent of the Board of Control to his assignment from the contractor in accordance with the

contract prevents his recovery upon the purported assignment upon which this action was brought.

It is the opinion of this court that the judgment of the trial court must be reversed and final judgment rendered in favor of the defendant city.

GUERNSEY, P. J., and FESS, J., concur.